■ MARY MARAZZO, Individually and as Administratrix of the Estate of ANTONIO F. MARAZZO, Deceased, Respondent-Appellant, v ANNETTE C. GILBERT, as Executrix of STANLEY GILBERT, Deceased, Appellant-Respondent, and LAWRENCE HOSPITAL, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for wrongful death, the defendant Annette C. Gilbert, as executrix of the estate of Stanley Gilbert, appeals from so much of a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered October 15, 1987, as, upon a jury verdict, was in favor of the plaintiff and against

the estate in the principal amount of $581,491, and the plaintiff cross-appeals from so much of the same judgment as, *inter alia,* granted the motion of the defendants for judgment as a matter of law following the conclusion of all the evidence and dismissed the cause of action for conscious pain and suffering.

Ordered that the judgment is affirmed, with costs to the plaintiff.

On or about March 27, 1978, 52-year-old Antonio Marazzo was admitted to Lawrence Hospital suffering from a middle ear infection. His condition deteriorated over the first four days of his hospital stay, as a result of what was eventually diagnosed as cerebritis, or an infection of the brain, which, it was believed, had spread from the ear. Medical management of the condition was successful and Mr. Marazzo began to show significant improvement. Then, after a slight decline, the patient's condition declined steadily and, on April 5th, attempts to revive him following a cardiac arrest proved unsuccessful.

At the trial, it was the plaintiff's position, supported by the requisite expert medical testimony, that Mr. Marazzo died not as a result of the brain condition, the management and treatment of which was not challenged, but because of a respiratory infection which developed over the last days of his life which had been neither diagnosed nor treated. The defendants, however, maintained that the death was directly attributable to the brain infection.

We conclude that the trial court properly exercised its discretion in denying the defendant Gilbert's motion for a new trial in the interest of justice *(see,* CPLR 4404 [a]; *Micallef v Miehle Co.,* 39 NY2d 376, 381) since, contrary to the defendant's claim, the plaintiff's counsel did not argue an entirely novel theory of liability to the jury during his summation.

Similarly unavailing is the plaintiff's challenge of the trial court's dismissal of the cause of action seeking recovery for the conscious pain and suffering endured by Mr. Marazzo during the last days of his life. It was incumbent upon the plaintiff to elicit expert medical testimony to enable the jury to perform the complex task of distinguishing that pain associated with the ear or brain infection and that which allegedly resulted from the defendants' failure to treat the respiratory condition and, in the absence of such testimony on the issue of causation, the claim was properly dismissed *(see, Kennedy v Peninsula Hosp. Center,* 135 AD2d 788, 792).

We have considered the defendant's claim challenging the court's charge and find it to be without merit.

In view of our determination, we do not address the plaintiff's remaining contention. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.